1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON R. BRANNIGAN,                      No.  2:13-cv-1810 MCE AC P

12                  Petitioner,

13         v.                                 ORDER

14   R.E. BARNES,

15                  Respondent.

16

17         By order filed on September 11, 2013, petitioner's inapposite request for an extension of

18   time[1] to file a habeas petition was denied.  ECF No. 3.  Petitioner was advised that, in order to

19   commence an action, he must file a petition within thirty days in accordance with the applicable

20   rules.  Id.  Petitioner, a state prisoner proceeding pro se, has now filed a petition for a writ of

21   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

22   pauperis.

23         Examination of the in forma pauperis application reveals that petitioner is unable to afford

24   the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

25   28 U.S.C. § 1915(a).

26         Petitioner sets forth that he was convicted by a jury in 2011 of corporal injury to a spouse

27

28   _____

[1] Presumably asking to extend the deadline established by 28 U.S.C. § 2244(d)(1).

1

or co-habitant, making terrorist threats, false imprisonment and vandalism for which he was

sentenced to a state prison term of 18 years and eight months.  Petition at 1.  Petitioner states that

he is in the process of filing a second state court habeas petition to exhaust some of his claim, and

he seeks a stay and abeyance pending exhaustion.  Petition at 3.  It is, however, unclear which if

any of the ten grounds he sets forth as the basis for his challenge to his conviction and/or sentence

have already been exhausted.

   For the court to consider his request for a stay, petitioner must file a motion to stay.  A

court may stay a petition and hold it in abeyance pursuant to either Rhines v. Weber, 544 U.S.

269 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of

Kelly v. Small,[2] 315 F.3d 1063 (9th Cir. 2003) ).  Kelly and Rhines set out different procedures

and impose different requirements for obtaining a stay.  Under Rhines, 544 U.S. at 277-78, a

federal petition containing both exhausted and unexhausted claims may be stayed only if (1)

petitioner demonstrates good cause for the failure to have first exhausted the claims in state court,

(2)  the claim or claims at issue potentially have merit, and (3) petitioner has not been dilatory in

pursuing the litigation.  Under Kelly, the court may stay a petition containing only exhausted

claims while allowing the petitioner to proceed to state court to exhaust additional claims.  King

v. Ryan, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71).  Once the additional claims have

been exhausted, the petitioner may then amend his petition to add them to the original petition *if*

*they are not time-barred*.  Id. at 1135, 1140-41.  The court may deny a request for stay under

Kelly if the new claims would clearly be barred by the federal statute of limitations upon

exhaustion.  See id. at 1141.

   Petitioner must file a motion for a stay and abeyance setting forth which claims have been

exhausted and which he seeks to exhaust.  Petitioner must also specify whether he seeks a stay

pursuant to Rhines or Kelly.  If petitioner elects to pursue a Rhines stay, he must demonstrate

how he meets the requirements for such a stay as set forth above.

*////*

---

[2] Kelly was in part overruled on another ground by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).  Its stay and abeyance procedure remains available.  King, 564 at 139 & n.4.

1      Accordingly, IT IS ORDERED that:

2          1.  Petitioner's motion to proceed in forma pauperis is granted;

3          2.  Petitioner is granted thirty days to file a motion for a stay and abeyance, identifying

4   both his exhausted and unexhausted claims, and the procedure (<u>Kelly</u> or <u>Rhines</u>) under which he

5   seeks a stay.

6   DATED: November 1, 2013

7   _____
                                          ALLISON CLAIRE
8                                          UNITED STATES MAGISTRATE JUDGE

3