UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON R. BRANNIGAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>R.E. BARNES,<br><br>　　　　　Respondent. | No. 2:13-cv-01810 MCE AC P<br><br><br>FINDINGS AND RECOMMENDATION |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this federal habeas corpus action pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the court are petitioner's motions to stay and abey his petition, ECF Nos. 11, 27, which are opposed by respondent, ECF Nos. 16, 28.[1] For the reasons discussed below, the undersigned recommends denying petitioner's motions for a stay.

I.　　Factual and Procedural Background

On January 18, 2011, a Sacramento County jury convicted petitioner of corporal injury to a spouse or cohabitant, two counts of making criminal threats, false imprisonment, and felony vandalism. See Lodged Doc. No. 3 (Petition for Review filed in the California Supreme Court).

---

[1] The pagination referenced herein is to the court's electronic copy of the parties' pleadings available on the court's CMECF website.

1

The jury also found petitioner guilty of two counts of misdemeanor child endangerment, the lesser included offense of the felony child abuse counts with which he was charged. Id. On February 15, 2011, the trial court sentenced petitioner to a total term of eighteen years and eight months in prison. See Lodged Doc. No. 1 (Abstract of Judgment).

The California Court of Appeal affirmed the convictions in an opinion issued on May 22, 2012. See Lodged Doc. No. 2 (direct appeal opinion). Petitioner filed a petition for review in the California Supreme Court which was denied on August 29, 2012. See Lodged Doc. Nos. 3, 4.

Petitioner commenced the present action on October 9, 2013 by filing a petition for writ of habeas corpus.[2] ECF No. 7. Based on information contained in the petition, this court ordered petitioner to file a formal motion to stay the instant federal habeas proceedings and to specify whether he was seeking a stay pursuant to Rhines v. Weber, 544 U.S. 269 (1995), or Kelly v. Small, 315 F.3d 1063 (9th Cir.), cert. denied, 538 U.S. 1042 (2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). ECF No. 10. Petitioner filed a formal motion for a stay on December 6, 2013. ECF No. 11. Respondent opposed the motion on March 17, 2014. ECF No. 16.

On April 2, 2014 this court ordered petitioner to file a supplemental motion for a stay by specifying what efforts, if any, he has taken to exhaust his ineffective assistance of counsel claims in state court and by identifying the specific time period during which he was housed in administrative segregation. ECF No. 18 at 1-2. On May 19, 2014, petitioner complied with the court's order and filed a supplemental motion for a stay. ECF No. 27. That motion was not entered on the court's docket until May 21, 2014, after the court had already sua sponte granted petitioner one last extension of time to comply. ECF No. 26. Respondent filed a supplemental opposition on May 22, 2014. ECF No. 28. Accordingly, the motions to stay the pending federal habeas petition have been fully briefed.

///

///

---

[2] Petitioner was afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 166, 276 (1988).

II.     Original Motion for a Stay

In his motion filed on December 6, 2013, petitioner requests a stay pursuant to Rhines v. Weber, 544 U.S. 269 (1995). ECF No. 11 at 1. In a very conclusory fashion, petitioner asserts that he "had good cause for his failure to exhaust any unexhausted claims, his unexhausted claims are potentially meritorious, and he never engaged in intentionally dilatory tactics." Id.

III.     Opposition to Original Motion for a Stay

In opposition, respondent contends that petitioner has failed to demonstrate good cause for a stay and that his mixed petition should be dismissed. ECF No. 16 at 1. In reviewing the claims in the federal habeas petition, respondent concedes that petitioner's first claim is properly exhausted. Id. at 4. However, the remaining nine claims have never been presented to any state court. Id. Respondent argues, without any citation to authority, that "[p]etitioner should be precluded from proceeding on his lone exhausted claim [and] [f]ull dismissal of the [entire] petition is not unreasonable." Id. at 5.

IV.     Supplemental Motion for a Stay

In response to the court's order to provide further information concerning the dates he was in administrative segregation and what efforts he has taken to exhaust his ineffective assistance of counsel claims, petitioner focuses on the former and fails to provide any information pertaining to the latter. Petitioner indicates that he arrived at High Desert State Prison ("HDSP") and was placed in administrative segregation on March 7, 2011. ECF No. 27 at 2. He was not transferred to the C Yard in general population until April 20, 2012. Id. at 3. Attached to petitioner's supplemental motion are numerous copies of 602 appeal forms dating from 2011 through 2013 in which petitioner complained to prison staff about his lack of access to the law library, the confiscation of his legal documents and materials, and the repeated denial of priority legal user status. See ECF Nos. 27-1, 27-2. Petitioner also appears to argue that his lack of access to the law library was in retaliation for information he provided to The Sacramento Bee as well as to state legislative investigators concerning abuses by prison officials at HDSP. ECF No. 27 at 4.

///

///

3

1  V.   Supplemental Opposition to a Motion for a Stay

2  Respondent argues that petitioner's supplemental motion for a stay fails to establish good
3  cause under Rhines.  ECF No. 28 at 1.  Based on a calculation of the relevant statute of
4  limitations, respondent asserts that petitioner "was not housed in Administrative Segregation for
5  any period of time relevant to the present inquiry." Id. at 2.  Furthermore, "reasonable restrictions
6  on access to the prison's limited library resources cannot establish good cause for a stay." Id.
7  Respondent checked the Sacramento Superior Court, the California Court of Appeal for the Third
8  Appellate District, and the California Supreme Court and found no pending or decided state
9  habeas corpus applications filed by petitioner. Id. at 3.  Based on the lack of any attempts to
10 return to state court to exhaust his claims, respondent further argues that petitioner has engaged in
11 abusive litigation tactics by intentionally stalling. Id.  Respondent also attaches a summary of
12 petitioner's bed assignments indicating the time periods when he was housed in administrative
13 segregation and the general population. Id. at 507.  On the basis of all this information,
14 respondent asks the court to deny petitioner's motions for a stay.

15 VI.  Governing Legal Principles

16 Habeas petitioners are required to exhaust state remedies before seeking relief in federal
17 court. 28 U.S.C. § 2254(b).  The exhaustion doctrine ensures that state courts will have a
18 meaningful opportunity to consider allegations of constitutional violation without interference
19 from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982).  Exhaustion requires fair
20 presentation of the substance of a federal claim to the state courts. Picard v. Connor, 404 U.S.
21 270, 276, 278 (1971).  In order to exhaust state remedies, a federal claim must be presented to the
22 state's highest court which is the California Supreme Court. Castille v. Peoples, 489 U.S. 346
23 (1989).

24 Federal district courts may not adjudicate petitions for habeas corpus which contain both
25 exhausted and unexhausted claims.[3]  Rose, 455 U.S. at 518–19.  However, that does not mean
26 that a mixed petition must be dismissed.  After the enactment of the AEDPA and its creation of a

---

[3] However, a federal court may adjudicate unexhausted claims when they are plainly meritless.
See 28 U.S.C. § 2254(b)(2).

4

one year statute of limitations for filing federal habeas petitions in 1996, the Supreme Court recognized the procedural trap that is created by the total exhaustion rule. "As a result of the interplay between AEDPA's 1–year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines, 544 U.S. at 275. Therefore, pursuant to Rhines, 544 U.S. at 277-78, a federal petition containing both exhausted and unexhausted claims may be stayed only if (1) petitioner demonstrates good cause for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not been dilatory in pursuing the litigation.

Although the Rhines "good cause" standard does not require a showing of extraordinary circumstances, Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir.2005), the Ninth Circuit has rejected a "broad interpretation of 'good cause.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, 556 U.S. 1285 (2009). The Supreme Court in Rhines emphasized that district courts should stay mixed petitions only in "limited circumstances." Rhines, 544 U.S. at 277. Accordingly, good cause is not shown where the petitioner created the condition that led to the failure to exhaust. See Wooten, 540 F.3d at 1024.

VII.   Analysis

Turning first to the issue of whether petitioner has established good cause for his failure to exhaust his claims in state court, the undersigned finds that petitioner has provided adequate evidentiary support for his assertion of good cause based on an inability to access his legal materials and the law library. See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (explaining that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."); see also Tidwell v. Martel, 2011 WL 5041213 (E.D. Cal. 2011) (granting a stay pursuant to Rhines and finding petitioner had established good cause based on a seven month stay in administrative segregation in which he was not granted direct access to the law library, but instead had to put in written requests for specific material).

///

There is no legal authority for respondent's assertion that petitioner should be required to litigate his claims in two separate legal forums (i.e. state and federal court) simultaneously because anything less constitutes an abusive litigation tactic which precludes a stay under Rhines. A consensus appears to be developing among courts equating "good cause" under Rhines with factors that are beyond a petitioner's control. See Wooten, 540 F.3d at 1024; see also Fernandez v. Artuz, 2006 WL 121943, *5 (S.D.N.Y. 2006); Pierce v. Hurley, 2006 WL 143717, *8 (S.D. Ohio 2006); Carter v. Friel, 2006 WL 208872, *3 (D. Utah 2006); Hernandez v. Sullivan, 397 F. Supp.2d 1205, 1207 (C.D. Cal. 2005). That approach is consistent with the standard for establishing cause to excuse a procedural default of a federal habeas claim. See Murray v. Carrier, 477 U.S. 478, 488 (1986) (stating that to establish cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). In this case, the confiscation of petitioner's legal materials and his lack of access to the prison law library were both factors beyond his control. While the undersigned can certainly envision a situation in which a prisoner's own conduct results in his placement in administrative segregation and thus makes access to the law library more difficult, that does not appear to be the situation in this case based on the evidence presented. Accordingly, the undersigned finds that petitioner has established good cause for his failure to exhaust nine of his pending federal habeas claims.

Petitioner's denial of access to the law library and his legal materials during this period of time also suggests that petitioner has not been dilatory in litigating his claims. See Rhines, 544 U.S. at 277-278. A review of the California Courts Case Information indicates that petitioner filed a state habeas corpus petition in the California Supreme Court on June 23, 2014 which remains pending. See In re Brannigan, S219512 (docket available at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2080498&doc_no=S219512). The timing of this state habeas petition is consistent with petitioner's allegations regarding the obstacles he has experienced in accessing his legal materials during the pendency of these federal habeas proceedings. In fact, this court had to intervene in the situation by issuing an order on April 29, 2014 requiring respondent to inform the court about the disposition of

petitioner's requests for access to his legal material, any dates since April 2, 2014 on which petitioner has been provided access to his legal property, and any future dates upon which it is anticipated that petitioner will be granted access to his legal property. ECF No. 21. With this background in mind and in light of the evidence submitted by petitioner in his supplemental motion for a stay, the court does not find that petitioner has intentionally delayed exhausting his remaining claims in state court. Therefore, the third Rhines factor supports issuing a stay in the present case.

While two out of the three Rhines factors weigh in favor of granting a stay in the instant case, the court's review of the unexhausted claims suggests that a stay would be futile and is therefore not warranted in this case. Petitioner was given the opportunity to file a supplemental motion and several extensions of time to demonstrate how he met all three Rhines' factors, but he failed to address whether the unexhausted claims potentially have merit. In this case, the potential merit, or lack thereof, of the unexhausted claims is dispositive of petitioner's request for a stay. For the reasons that follow, none of petitioner's unexhausted claims states a prima facie case of a constitutional violation.

In his first unexhausted claim, petitioner asserts that the prosecutor committed a Brady violation by withholding several exhibits until the second day of trial despite numerous discovery requests made prior to trial. ECF No. 7 at 4-6. Petitioner does not identify what exhibits he is referring to or describe what the defense would have done differently had they been provided this information at an earlier date. While petitioner casts this claim as a violation of his right to due process under the Fourteenth Amendment, it is nothing more than a state law claim based on the prosecutor's failure to comply with state discovery rules. As such, it is not cognizable in federal habeas. See Lincoln v. Sunn, 807 F.2d 805, 816 (9th Cir. 1987) (stating that "Lincoln's claim alleging violations of Hawaii's rules of criminal procedure, which are modeled after the federal Jencks Act, is not appropriate for consideration in this collateral proceeding."). To state a colorable Brady violation, petitioner must allege that the non-disclosed "evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice

must have ensued." Strickler v. Greene, 527 U.S. 263, 281–82 (1999).  Here, petitioner has failed to even allege that the trial exhibits were exculpatory or had any impeachment value. Furthermore, petitioner's own allegations establish that the evidence was not suppressed by the prosecution.  Petitioner merely contests the timing of the prosecution's disclosure.  Based on these facts, the undersigned finds that the first unexhausted claim in the petition fails to allege a cognizable claim for relief.

Petitioner's next seven claims all allege that trial counsel was ineffective for failing to call various witnesses at trial including petitioner's parole agent, individuals who had visited the victim and petitioner's apartment and socialized with them during the timeframe of the indictment, and doctors who examined the victim and whose records were admitted at trial without their live testimony.  ECF No. 7 at 7-13.  The fundamental flaw in all of these claims is that petitioner fails to specify what testimony any of these witnesses would have provided that could have affected the outcome of the trial.  No affidavits from any of the putative witnesses are attached to the petition.  Without this most basic information, petitioner is unable to establish prejudice resulting from trial counsel's failure to call theses witnesses to testify.  See Strickland v. Washington, 466 U.S. 668, 687 (1984) (establishing that to demonstrate ineffective assistance of trial counsel, petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense).  Plaintiff's claims are entirely conclusory and therefore cannot support habeas relief.  See James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994) (emphasizing that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").  Accordingly, the undersigned finds that petitioner's ineffective assistance of counsel claims are meritless and do not warrant a stay of these proceedings.

Petitioner's last claim for relief is also based on trial counsel's alleged ineffectiveness in failing to communicate a plea offer.  ECF No. 7 at 13.  Here petitioner alleges that he requested his Sacramento trial counsel to contact the prosecutor in Lassen County, where he was facing a Three Strike sentence, in order to work out a plea to both cases.  Id.  Petitioner further contends that the Lassen County prosecutor told him that counsel made no effort to contact him.  Id. at 14.

1   When petitioner was offered a plea agreement to 10 years in the Sacramento County case, trial

2   counsel could not guarantee that petitioner "would not be struck out in Lassen County." Id.

3   Petitioner alleges that had trial counsel contacted the Lassen County prosecutor he would have

4   been able to accept the ten year plea agreement with no risk of a subsequent Three Strike sentence

5   in Lassen County. Id. Based on the facts contained in the habeas petition itself, it is clear that

6   trial counsel did indeed inform petitioner of a plea offer that was made in relation to the

7   Sacramento County charges. Petitioner presents no specific allegations or evidence establishing

8   the availability of more favorable terms had counsel initiated discussions with the Lassen County

9   prosecutor. Accordingly, this claim is entirely speculative. Without such facts, petitioner cannot

10  establish any prejudice resulting from trial counsel's allegedly deficient performance. See

11  Strickland, 466 U.S. at 687. For these reasons, the court finds this last ineffective assistance of

12  counsel claim to be meritless and to not warrant a stay.

13      Because potential merit is a requirement for a stay under Rhines, 544 U.S. at 277-78, and

14  none of petitioner's unexhausted claims have merit, a stay is unavailable.

15      VIII.   Conclusion

16      Absent a stay, petitioner has two choices. First, he may elect to delete the unexhausted

17  claims from his original petition and proceed on his exhausted claim only. Second, he may

18  choose to accept dismissal without prejudice of the entire petition pending further exhaustion.

19  Petitioner is cautioned that if he elects this procedure, any subsequently-filed post-exhaustion

20  petition would likely be subject to dismissal in its entirety as time-barred. See 28 U.S.C.

21  § 2244(d)(1). The fact that a petition is dismissed "without prejudice" means that there is no bar

22  to re-filing, but that does not protect petitioner from dismissal on statute of limitations grounds.

23  Because the limitations period is not tolled for the time the instant federal petition has been

24  pending, Duncan v. Walker, 533 U.S. 167, (2001), any future petition may well be time-barred.

25  See Rhines, 544 U.S. at 275 (recognizing that dismissal of mixed petition can cause claims to be

26  untimely by the time they are exhausted and re-submitted to the federal court. See Porter v.

27  Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (reviewing timeliness principles). By electing

28  ///

dismissal without prejudice, petitioner risks forfeiting review on the merits of his exhausted claim as well as his unexhausted claims.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motions for a stay of federal habeas proceedings (ECF Nos. 11, 27) be denied;

2. Within 28 days of the filing date of any order adopting these findings and recommendations, petitioner be directed to file either: (1) a notice that he elects to delete the unexhausted claims and proceed on the merits of his remaining exhausted claim in the original § 2254 petition; or (2) a notice of voluntary dismissal of this case without prejudice; and,

3. In the event that petitioner fails to elect either option identified above within the time provided, the claims identified herein as unexhausted will be stricken and those portions of the petition disregarded for all purposes.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  **Due to the exigencies of the court's calendar, no extensions of time will be granted.**  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2014.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10