1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JASON R. BRANNIGAN,                         No.  2:13-cv-01810 MCE AC P

11                  Petitioner,

12          v.                                   ORDER

13   R.E. BARNES,

14                  Respondent.

15

16          Petitioner is a state prisoner proceeding pro se and in forma pauperis in this federal habeas

17   corpus action pursuant to 28 U.S.C. § 2254.  By order filed on September 4, 2014, petitioner's

18   motions for a stay of proceedings in this federal habeas matter were denied.  ECF No. 31 (order

19   adopting findings and recommendations at ECF No. 29).  Petitioner was directed to file, within 28

20   days, either: (1) a notice that he elects to delete the unexhausted claims and proceed on the merits

21   of his remaining exhausted claim in the original § 2254 petition; or (2) a notice of voluntary

22   dismissal of this case without prejudice; otherwise, his unexhausted claims were to be stricken.

23   Id.

24          On September 26, 2014, petitioner submitted a copy of the California Supreme Court's

25   September 10, 2014 denial of his state petition for writ of habeas corpus.  ECF No. 32.  Petitioner

26   represents that all claims contained in the original petition have now been exhausted.  Petitioner

27   requests permission to amend his petition so "that it is clear and concise on all claims."  Id.

28   Petitioner references previously submitted evidence that he was denied access to the law library

1

and legal materials at the time of the filing of the original petition in this court.  Petitioner seeks the opportunity to marshal all facts in support of all ten of his claims, including the previously unexhausted claims.

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242; see also Rule 12 of the Federal Rules Governing § 2254 Cases (the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules. . . ."). Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure states, in part, that a pleading may be amended "as a matter of course . . . . if the pleading is one to which a responsive pleading is required 21 days after service of a responsive pleading. . . ." No responsive pleading has yet been filed in this matter. Petitioner, therefore, may amend his petition "as a matter of course."

Accordingly, IT IS ORDERED that:

1. Petitioner shall file an amended petition within thirty days of the date of service of this order;

2. Upon the filing of an amended petition, respondent is directed to file a response to petitioner's amended habeas petition within sixty days thereafter. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254;

3. If the response to the amended habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

4. If the response to the amended habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

DATED: October 28, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE